## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CRIMINAL ACTION NO. 3:15-CR-00044-TBR-7

**UNITED STATES OF AMERICA**                                                            **PLAINTIFF**

**v.**

**DARNELL BOYD (7)**                                                                            **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter arises before the Court upon Defendant Darnell Boyd's Motion for Compassionate Release in Light of Covid-19. [DN 413]. The United States responded. [DN 421]. Defendant did not reply in a timely manner. As such, this matter is ripe for adjudication. For the reasons stated below, **IT IS HEREBY ORDERED** that Boyd's Motion for Compassionate Release is **DENIED**.

**I.**    **Background**

In July 2017, Boyd pleaded guilty, pursuant to a Rule 11(c)(1)(C) plea agreement, to one count of conspiracy to possess with intent to distribute heroin, a class A felony. [DN 355]. Defendant qualified as a career offender under the guidelines with a total offense level of 34. [DN 239]. On July 26, 2018, Boyd was sentenced to 130 months imprisonment. [DN 355]. He now requests the Court to grant him compassionate release due to his underlying medical conditions and the COVID-19 pandemic. [DN 413].

**II.**    **Legal Standard**

The compassionate release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3852(c) provides that:

1

> "The court may not modify a term of imprisonment once it has been imposed except that-
>
> > (1) In any case—
> >
> > > (A) *the court*, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier *may reduce the term of imprisonment* (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—*
> > >
> > > > (i)    extraordinary and compelling reasons warrant such a reduction ..."

18 U.S.C.A. § 3582(c)(1)(A) (emphasis added). "The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), 18 U.S.C. § 3582(c)(1)(A) requires the Court to engage in a "three-step inquiry" in reviewing compassionate release motions. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and

compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 ... [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)).

Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, U.S. Sentencing Guideline § 1B1.13 is no longer an "applicable" policy statement in cases where an incarcerated person, as opposed to the Director of the Bureau of Prisons, files his or her own compassionate release motion in district court. *Jones*, 980 F.3d at 1109. Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry" and have "full discretion ... to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109, 1111. Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

Despite the Sixth Circuit's holding in *Jones*, this Court agrees with the United States District Court for the Eastern District of Kentucky in stating that "[w]hile the policy statement found in U.S.S.G. § 1B1.13 of the Sentencing Guidelines is not binding, it provides a useful starting point to determine whether extraordinary and compelling reasons exist." *United States v. Muncy*,

No. 6: 07-090-DCR, 2020 WL 7774903, at *1 (E.D. Ky. Dec. 30, 2020). Congress provided no statutory definition of "extraordinary and compelling reasons" in section 3582(c)(1)(A). *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). Instead, Congress directed the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Adkins*, No. 5:18-058-DCR, 2020 WL 7755629, at *1 (E.D. Ky. Dec. 29, 2020) (quoting 28 U.S.C. § 994(t)). Those descriptions are found in § 1B1.13 of the United States Sentencing Guidelines (policy statement) and the application notes to that section.

This policy statement describes four categories of extraordinary and compelling reasons. The first three relate to an inmate's serious medical conditions, age, and status as a caregiver. U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). Specific medical conditions of a defendant constituting extraordinary and compelling reasons for a reduction in terms of imprisonment may include "terminal illness," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." *Id.* The application note to U.S.S.G. § 1B1.13 further provides that the age of a defendant may be a necessary and compelling reason for a reduction in terms of imprisonment when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* The last category is a catch-all provision titled "Other Reasons," which reads: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. § 1B1.13, cmt. n.1(D).

4

After considering whether extraordinary and compelling reasons warrant a sentence reduction, the district court proceeds to the final step of the analysis. If a sentence reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *Elias*, 984 F.3d at 518 (citing *Jones*, 980 F.3d at 1101, 1108). Additionally, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

### III. Discussion

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, 425 F.Supp.3d. 573, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marshall*, No. 3:19-CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

Here, Boyd's son emailed the BOP stating: "Hi my name is Devan Boyd my father is a[n] inmate at FCI [T]erre [H]aute. He is a nonviolent criminal and I was wondering if he qualified for early release due to his Medical issues. It would be greatly appreciated to hear anything back." [DN 413-1]. The BOP responded with general information regarding Home Confinement and the Bureau's Covid-19 policies. *Id.* No mention of a request for compassionate release, nor the denial thereof was relayed. *Id.* Boyd's Motion for Compassionate Release must be denied because

5

Defendant failed to provide any evidence that he personally requested compassionate release from the warden of his facility and for failure to exhaust the BOP's administrative process. Defendant's son's inquiry about Boyd's qualifications for early release was not considered a request for a Reduction in Sentence and according to the BOP, there is no record of Boyd ever filing a request for release with the warden of his institution. [DN 421 at 4]. "[D]istrict courts lack jurisdiction to consider a motion for compassionate release filed by the defendant himself unless he has fully exhausted his administrative remedies." *United States v. Gentner*, NO: 5:16-CR-11-TBR, 2019 WL 5581337, at *1 (W.D. Ky. Oct. 29, 2019). "The defendant bears the burden of showing he has exhausted his administrative remedies and is entitled to compassionate release." *United States v. Hughes*, No. 2:13-cr-20142-SHM-13, 2021 WL 254315, at *2 (W.D. Tenn. Jan. 25, 2021) (citing *United States v. Ebbers*, 432 F. Supp. 3d 421, 426-27 (S.D.N.Y. 2020)). Boyd has not satisfied this burden. Because Defendant did not present an actual claim to his warden, just his son's general inquiry, he failed to use the BOP's administrative process and "the Court cannot find that he has exhausted his administrative rights and, therefore, the Court does not have jurisdiction to consider the motion." *United States v. Frye*, No. CR 5:15-7-KKC, 2020 WL 2513826, at *2 (E.D. Ky. May 15, 2020) (citing *Gentner*, 2019 WL 5581337, at *1). Therefore, his motion for compassionate release must be denied.

Even if Defendant had satisfied the administrative requirements, he does not present an extraordinary or compelling justification for release. The present motion represents many filed by incarcerated persons around the country who have limited control of their environment, often cannot practice social distancing, and are concerned about contracting COVID-19. The Sixth Circuit acknowledged this concern and approved the following two-part test "for deciding when the concern of contracting COVID-19 becomes an extraordinary and compelling reason for

6

compassionate release: (1) when the defendant is at a high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak." *Elias*, 984 F.3d at 520 (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020) (internal quotation marks omitted)).

In support of his motion, Defendant argues that his underlying medical conditions as a cancer survivor with Crohn's disease increase his risk of contracting and dying from COVID-19 constituting an extraordinary and compelling reason for release. [DN 413 at 4]. Boyd failed to attach his medical records proving his medical conditions. Nonetheless, neither of his stated underlying conditions result in an extraordinary and compelling reason for release. Though the Center for Disease Control and Prevention (CDC) recognizes that cancer survivors may be at a higher risk of getting Covid-19, those currently undergoing chemotherapy or with a weakened immune system are of greater concern.[1] Further, Crohn's disease did not appear on the CDC's list of medical conditions that increase the likelihood of Covid-19 causing severe illness. *Id.* The BOP website indicates that currently there are zero (0) inmates among the 1,300 total inmates housed at FCI Terre Haute with active coronavirus cases.[2] Further, the BOP website also indicates that 338 staff members and 1881 inmates at FCC Terre Haute, which includes FCI Terre Haute, have received Covid-19 vaccines.[3]

On the information Boyd has presented and the information available to the Court through the Bureau of Prison, the Court finds that Boyd has not demonstrated extraordinary and compelling

---

[1] *People with Certain Medical Conditions*, CDC (Oct. 14, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#MedicalConditionsAdults.

[2] *COVID-19*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Oct. 15, 2021); *FCI Terre Haute*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/tha/ (last visited Oct. 15, 2021).

[3] *COVID-19 Vaccine Implementation*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Oct. 15, 2021).

reasons that warrant his release. Though Boyd may be at higher risk of Covid-19, the risk does not rise to the level of extraordinary and compelling conditions. Boyd does not argue that his facility is unable to manage his conditions or that it would be unable to provide the needed care if he were to contract coronavirus. Boyd is not an exceptionally high risk, nor is his facility experiencing a severe outbreak. Further, his facility has already vaccinated over half of the complex. The Court cannot conclude on the information before it that Boyd has shown an extraordinary and compelling reason that would justify his compassionate release. Because Boyd failed to exhaust his administrative remedies and did not provide an extraordinary and compelling reason for release, the Court need not consider the factors of 18 U.S.C. § 3553(a). *Elias*, 984 F.3d at 519. Accordingly, Boyd's motion for compassionate release is denied, at this time.

## IV.     Conclusion

For the above reasons, **IT IS HEREBY ORDERED** that Boyd's Motion for Compassionate Release [DN 413] is **DENIED**.

**IT IS SO ORDERED**.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

October 18, 2021

cc: counsel